**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tyson D Anderson, | No. CV-21-01282-PHX-DJH (JFM) |
|       Plaintiff, | **ORDER** |
| v. | |
| Joshua King, et al., | |
|       Defendants. | |

Before the Court is a "Motion for Request to District Judge Humetewa" (Doc. 144) filed by *pro se* Plaintiff Tyson D. Anderson ("Plaintiff").  Therein, Plaintiff appeals Magistrate Judge James F. Metcalf's March 12, 2024, decision (Doc. 142) (the "March Order") granting Defendants' requests to amend the scheduling order and file a summary judgment motion on the issue of exhaustion (*see* Doc. 139).  For the following reasons, the Court affirms Judge Metcalf's decision.

I.     **Background**

In its January 19, 2024, Order (Doc. 83), the Court construed the new arguments presented in Plaintiff's "Motion for Objection and Reconsideration" (Doc. 52) as a renewed motion to appoint counsel.  (*See* Doc. 83 at 6–8).  Plaintiff argued he needed his restricted medical records to prove his case but that investigating and presenting these medical records "would be a great danger to [him.]"  (Doc. 52 at 2).  Plaintiff's position is that this case "is all about his medical/mental health issues" and at least one of the issues "are about Plaintiff almost killing himself inside solitary confinement by cutting

arteries in [his] arm and swallowing [a] razor." (*Id*. at 2–3).  The Court found that the impact of Plaintiff's mental health on his ability to access, investigate, and present relevant evidence creates a unique complexity that requires appointed counsel under *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). (Doc. 83 at 6–8).  Accordingly, the Court ordered that appointment of counsel is necessary for Plaintiff to safely utilize relevant portions of his medical records in support of his claims.  (*Id*. at 8).  Pro bono Counsel was appointed to represent Plaintiff thereafter.  (Doc. 84).

In June 2023, Plaintiff's pro bono Counsel filed a Motion to Withdraw (Doc. 102) due to claimed irreconcilable differences with Plaintiff.  Judge Metcalf granted the Motion and vacated the following unexpired deadlines pending appointment of new counsel: (1) rebuttal expert disclosures; (2) dispositive motions; (3) the parties' settlement discussions and settlement report; (4) final pretrial motions; and (5) motions to amend based on the appearance of Defendant Eastham.  (*See generally* Doc. 102).  The Court's staff has since been working to locate replacement pro bono counsel for Plaintiff.

In February 2024, following Judge Metcalf's directives (Docs. 136; 138), Defendants submitted a proposal to move the case forward notwithstanding the withdrawal of Plaintiff's pro bono counsel and his request for new counsel.  (Doc. 139).  Relevant here, Defendants requested to file separate summary judgment motions addressing Plaintiff's exhaustion of remedies.  (*Id*. at 4).  Defendants assured that "exhaustion does not involve health care records, [] making this a non-issue for the time being," and so Plaintiff is capable of responding to the motion whether or not he has counsel.  (*Id*.)  Plaintiff opposed, arguing a stay of the case should be maintained until replacement counsel appears.  (Doc. 141).

Judge Metcalf granted Defendants' request to file a motion for summary judgment on exhaustion in his March Order.  (Doc. 142 at 2–3).  Plaintiff appeals Judge Metcalf's decision to set a motion deadline and asks that a stay be ordered until he obtains new counsel.  (*See generally* Doc. 144).

/ / /

## II.     Legal Standard

"A district judge may reconsider a magistrate's order in a pretrial matter if that order is 'clearly erroneous or contrary to law.'"  *Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002) (quoting 28 U.S.C. § 636(b)(1)(A)).  *See also Grimes v. City & County of S.F.*, 951 F.2d 236, 240 (9th Cir. 1991) ("The district court shall defer to the magistrate's orders unless they are clearly erroneous or contrary to law.") (citing Fed. R.Civ. P. 72(b)).  "The clearly erroneous standard applies to the magistrate judge's factual findings while the contrary to law standard applies to the magistrate judge's legal conclusions, which are reviewed *de novo*."  *Lovell v. United Airlines, Inc.*, 728 F. Supp. 2d 1096, 1100 (D. Haw. 2010) (quoting *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007)).  Under the "clearly erroneous" standard, "a reviewing court must ask whether, on the entire evidence, it is left with the definite and firm conviction that a mistake has been committed. " *In re Optical Disk Drive Antitrust Litigation*, 801 F.3d 1072, 1076 (9th Cir. 2015) (internal quotations omitted).  *Accord Easley v. Cromartie*, 532 U.S. 234, 242 (2001).  "A decision is contrary to law if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Lovell*, 728 F. Supp. at 1101 (internal quotations omitted).

## III.    Discussion

The question is whether Judge Metcalf's decision granting Defendants' request to amend the scheduling order and file a summary judgment motion on the issue of exhaustion was clearly erroneous or contrary to law.  The Court finds in the negative.

A district court's scheduling order "control[s] the subsequent course of the action" unless modified by the court. Fed. R. Civ. P. 16(e).   Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order may be amended "only for good cause."  Fed. R. Civ. P. 16(b)(4); *see In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) ("[W]hen a party seeks to amend a pleading after the pretrial scheduling order's deadline for amending the pleadings has expired, . . . '[a] schedule may be modified only for good cause and with the judge's consent' . . . .").

Rule 16(b)'s[1] good cause standard "primarily considers the diligence of the party seeking the amendment."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  And "[a]lthough the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.  If that party was not diligent, the inquiry should end."  *Id.* (citations omitted).

Judge Metcalf articulated his reasoning when modifying the scheduling order and granting Defendants' request to file a motion for summary judgment on exhaustion:

> The Court is not inclined to increase the risks to Plaintiff's mental health by prematurely pressing this matter forward. The key here, however, seems to be not increasing the risks. Even with counsel, Plaintiff must deal with certain components of this litigation. It is only those portions that counsel could relieve Plaintiff of that the Court must continue to forestall.
>
> . . . .
>
> The exhaustion issue appears to be another such matter that does not involve the kinds of graphic triggers Plaintiff could avoid with new counsel.  As noted by Defendants, the exhaustion issue focuses on the administrative remedies and Plaintiff's use of them.  These matters do not depend on the merits of Plaintiff's various claims, or even the particular details of Plaintiff's claimed injuries.  Moreover, even counsel responding to a dispositive motion on exhaustion would be required to divulge to and discuss with Plaintiff the contents of his various administrative grievances, etc. as well as the motion for summary judgment.  Accordingly, the Court concludes that proceeding on the exhaustion issue does not significantly increase the risk to Plaintiff and could result in a final resolution of the case.
>
> As a practical matter, the Court has not previously precluded Defendants from filing such a motion. The Court has not limited the parties to a single dispositive motion. The Court has not stayed the litigation, it has only vacated unexpired deadlines to be reset in the future. (See Order 6/29/23, Doc. 102.) The Court will now set a deadline for such a motion.

(Doc. 142 at 3).

---

[1] Unless where otherwise noted, all Rule references are to the Federal Rules of Civil Procedure.

- 4 -

The Court finds Judge Metcalf's decision is not contrary to Rule 16's good cause standard because there is no evidence suggesting that Defendants were not diligent in bringing their modification request.  *See Johnson*, 975 F.2d at 609.  The purpose of Defendants' request for a summary judgment motion on exhaustion was to move the case forward without interfering with Plaintiff's need for representation to present evidence regarding his mental health.  (Doc. 139 at 4).  Judge Metcalf ruled out any prejudice posed to Plaintiff when noting that the exhaustion issue does not involve the kinds of graphic triggers Plaintiff could avoid with replacement counsel.  (Doc. 142 at 3).  Plaintiff's appeal of Judge Metcalf's Order does not argue to the contrary.  Instead, Plaintiff generally contends that "no extra added stress or anxiety needs to be added on when [his] mental health is fragile" and he is "not fit to be having all these extra things [he] need[s] to do." (Doc. 144 at 1–2).  But such reasons are insufficient to demonstrate that Judge Metcalf's decision was contrary to law or that he clearly erred in granting Defendants' request to modify the scheduling order deadlines. Overall, Judge Metcalf's decision to grant Defendants' modification request is (1) supported by good cause; (2) promotes Rule 1's directive that district courts should construe the Federal Rules "to secure the just, speedy, and inexpensive determination of every action and proceeding[,]" Fed. R. Civ. P. 1; and (3) permitted by Rule 56(b), which allows courts to set a deadline to file a motion for summary judgment, Fed. R. Civ. P. 56(b).

Accordingly,

**IT IS ORDERED** that Magistrate Judge James F. Metcalf's March 12, 2024, decision (Doc. 142) granting Defendants' requests to amend the scheduling order and file a summary judgment motion on the issue of exhaustion is **AFFIRMED**.

///

///

///

///

///

1       **IT IS FURTHER ORDERED** that Plaintiff Tyson D. Anderson's "Motion for

2  Request to District Judge Humetewa" (Doc. 144) is **DENIED**.

3       Dated this 28th day of May, 2024.

4

5

6               Honorable Diane J. Humetewa

7               United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28